# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUN STEVEN KIDD, #43108-074, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 17−cv−00326−JPG |
| vs. | ) ) |
| FEDERAL BUREAU OF PRISONS, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Shaun Kidd, an inmate who is currently incarcerated at the United States Penitentiary located in Marion, Illinois ("USP-Marion"), brings this action against the Federal Bureau of Prisons pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346, 2671-80. Plaintiff filed a "Bill of Complaint for Eighth Amendment Violations," in which he complains of unconstitutional conditions of confinement at USP-Marion. (Doc. 1, pp. 1-6). He seeks monetary relief against the defendant. (Doc. 1, p. 2).

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A. The Complaint is subject to dismissal under this standard.

## The Complaint

Plaintiff filed a "Bill of Complaint for Eighth Amendment Violations" against the Federal Bureau of Prisons ("BOP") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, 2671-80. His "Bill of Complaint" consists of a two-page document, which indicates that Plaintiff seeks monetary relief against the BOP under the FTCA. (Doc. 1, pp. 1-2). However, the "Bill of Complaint" sets forth virtually no coherent factual allegations against the defendant. *Id*. Plaintiff instead relies on statements he made in a "Claim for Damage, Injury, or Death" that he filed with the BOP on December 28, 2016. (Doc. 1, pp. 3-6). He attached a copy of the Claim to the "Bill of Complaint" and incorporated it by reference therein. *Id*.

There, Plaintiff challenges the conditions of his confinement in the Communications Management Unit ("CMU") at USP-Marion. (Doc. 1, pp. 3-6). He complains about an

2

accumulation of bird "feces, urine, saliva, bird feathers, etcs [sic], inside the windows, window panes, [and] screens." (Doc. 1, p. 3). In the cells, Plaintiff is exposed to "urine, semen, saliva, blood plasma, sweat, bird feathers, animal hair, parasites, bacteria, e-coli, fungi, AIDS/HIV, hepatitis, bacilli-cocci organisms, and other disease[s]." (Doc. 1, p. 4). He has also observed mold and notes a "constant odor" in the unit. *Id*.

The unit allegedly has "deplorable ventilation systems" that cause "deplorable inhalation" due to "poor air circulation." (Doc. 1, pp. 3-4). Plaintiff expresses concern that exposure to these conditions "can/will exacerbate asthma and many other health concerns . . . [l]ike throat cancer" for the inmates. *Id*. He blames these conditions for making him sick "three times." (Doc. 1, p. 6). However, Plaintiff does not disclose what symptoms or health problems he experienced. (Doc. 1, pp. 1-6).

The only "chemical" that is available to inmates for cleaning on a daily basis is a "pink solution." (Doc. 1, p. 3). On November 8, 2016, inmates were also given other cleaning supplies, including gloves, dusk masks, a ladder, and a special key to secure the windows. *Id*. Plaintiff and three other inmates received these supplies. *Id*. However, the four of them simply could not address all of the problems. *Id*. To do so would require additional manpower, scaffolding, and a hydraulic system for power washing the area. (Doc. 1, p. 4). Plaintiff maintains that the prison's staff is responsible for ensuring that the conditions of confinement are acceptable, not the inmates. *Id*.

## Merits Review Under 28 U.S.C. § 1915A

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claim in Plaintiff's *pro se* Complaint into the following count:

> **Count 1 -** Defendant, by and through the negligence or deliberate indifference of UPS-Marion officials, is liable under the Federal Tort Claims Act for Plaintiff's exposure to conditions at USP-Marion that are harmful to his present and future health.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. This designation does not constitute an opinion regarding the merits of this claim.

## Discussion

Plaintiff's Complaint does not survive preliminary review under § 1915A. He asserts a single claim under the FTCA against the Federal Bureau of Prisons. However, Plaintiff has named the wrong defendant.

The FTCA authorizes "civil actions on claims against the *United States*, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1) (emphasis added). The "only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982). *See* 28 U.S.C. § 2679(b). The United States must be named as a party.

The Federal Bureau of Prisons is not the same entity as the United States. The Seventh Circuit has explained that "[g]overnment agencies do not merge into a monolith; the United States is an altogether different party." *Hughes*, 701 F.2d at 58. Absent "explicit authorization to the contrary," a federal agency cannot be sued directly under the FTCA, regardless of that agency's authority to sue or be sued. *See* 28 U.S.C.A. § 2679; *Russ v. United States*, 62 F.3d 201, 203 n. 1 (7th Cir. 1995).

The Court will not substitute the United States in place of the Federal Bureau of Prisons. *See Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005). In order to make someone a party, the plaintiff, not the Court, must name the party in the case caption of the Complaint. *See id.* (citing FED. R. CIV. P. 10(a) ("In the complaint, the title of the action shall include the names of all the parties")). Plaintiff failed to name the United States as a defendant, and the Court will not decide who Plaintiff sues. Plaintiff must make this decision.

When doing so, Plaintiff should also consider whether to bring any claims against individual federal officials under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). The Complaint suggests that Plaintiff may have intended to do so. He complains about the decision of federal officials to ignore the filthy conditions in the CMU. (Doc. 1, pp. 3-6). Plaintiff refers to "Eighth Amendment Violations" in the title of his Complaint and throughout the statement of his claim. (Doc. 1, pp. 1-6). Given this, it appears as though Plaintiff intended to bring a *Bivens* claim against one or more individual officers.

This, too, is Plaintiff's decision to make. A prisoner may seek relief against federal agents in federal court in three ways. He may bring a suit against the United States under the FTCA for misconduct of federal agents that is considered tortious under state law. *Sisk v. United States*, 756 F.2d 497, 500 n. 4 (7th Cir. 1985) (citing 28 U.S.C. §§ 1346(6), 2680). He may bring a suit against the individual agent(s) for a violation of his constitutional rights under *Bivens*. *Id.* Finally, a plaintiff may bring an FTCA claim and a *Bivens* claim together in the same suit. *See, e.g., Ting v. United States*, 927 F.2d 1504, 1513 n. 10 (9th Cir. 1991).

Plaintiff's Complaint focuses only on an FTCA claim, and the Court has not construed it to include a claim under *Bivens*. *See Myles*, 416 F.3d at 551 (pro se federal inmate's complaint asserting an FTCA claim against United States could not be deemed to assert a *Bivens* claim

against individual federal employees who were not specified in the case caption). However, this does not preclude Plaintiff from bringing a *Bivens* claim. He may still raise the claim in this action, if he chooses to do so, or bring a separate action to pursue any claim that may exist under *Bivens*.

The Complaint shall be dismissed for failure to state a claim upon which relief may be granted. Both the FTCA claim in Count 1 and any potential claim under *Bivens* should be considered dismissed without prejudice. Further, Plaintiff shall have an opportunity to re-plead his claim(s) by filing a First Amended Complaint that complies with the deadline and instructions for doing so in the below disposition.

## Pending Motion

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 4) shall be addressed in a separate court order.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. This includes the claim in Count 1 under the Federal Tort Claims Act, 28 U.S.C. § 1346, 2671-80, and any related claim Plaintiff intends to bring pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

**IT IS FURTHER ORDERED** that Defendant **FEDERAL BUREAU OF PRISONS** is **DISMISSED** with prejudice, based on Plaintiff's failure to state any claim for relief against this defendant. The Clerk is **DIRECTED** to **TERMINATE** the **FEDERAL BUREAU OF PRISONS** as a party to this action.

Plaintiff is **GRANTED** leave to file his "First Amended Complaint" **on or before June 6, 2017.** Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the action shall be dismissed with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Further, the dismissal shall count as one of Plaintiff's allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (Case No. 17-cv-00326-JPG). He should refer to the constitutional or statutory ground(s) for relief. Plaintiff should name the proper defendant(s). The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each Defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. He should *include only related claims* in his new complaint. Claims found to be unrelated to Count 1 will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1

(7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00[1] remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 5, 2017**

*s/J. Phil Gilbert*
**District Judge**
**United States District Court**

---

[1] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.