**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SHAUN STEVEN KIDD,<br>#43108-074,<br><br>          **Plaintiff,**<br><br>vs.<br><br>MRS. K. HILL,<br>MR. G. BURGESS,<br>MR. R. BASKERVILLE,<br>and COUNTER TERRORISM UNIT,<br><br>          **Defendants.** | )<br>)<br>)<br>)<br>)   **Case No. 17−cv−00326−JPG**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for review of the First Amended Complaint filed by

Plaintiff Shaun Kidd on June 2, 2017.  (Doc. 9).  Plaintiff is an inmate at the United States

Penitentiary located in Marion, Illinois ("USP - Marion").  He brings this action pursuant to the

Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80, to challenge the conditions of his

confinement.  (Doc. 9, pp. 5; Doc. 1-1, pp. 1-14).  He names Mrs. K. Hill (intel research

specialist), Mr. G. Burgess (case manager), Mr. R. Baskerville (unit manager and unit team), and

the Counter Terrorism Unit as defendants.  (Doc. 9, p. 1).  Plaintiff seeks monetary damages and

injunctive relief against them.  (Doc. 9, p. 6).

This case is now before the Court for a preliminary review of the First Amended

Complaint (Doc. 9) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as
> soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks
> redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the complaint–

> (1) is frivolous, malicious, or fails to state a claim on which relief
> may be granted; or
> (2) seeks monetary relief from a defendant who is immune from
> such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The First Amended Complaint does not survive screening and shall be dismissed.

### First Amended Complaint

The First Amended Complaint includes a one-page statement of claim that consists of incoherent ramblings. (Doc. 9, p. 5). Plaintiff also mentions "deplorable ventilation systems" at the prison. *Id*. He mentions his ADHD, mental anguish, and physical hardship. *Id*. Plaintiff also asserts claims of "intentional negligence or deliberate indifference" against the parties. *Id*.

Among the exhibits are formal written complaints about Plaintiff's regular exposure to feces, urine, saliva, and bird feathers. (Doc. 9-1, p. 1). He complains about the ventilation. (Doc. 9-1, pp. 1, 7, 12-14). In addition, Plaintiff challenges the method of monitoring inmate communications at the prison. (Doc. 9-1, pp. 3-5, 9, 13).

In connection with these complaints, Plaintiff names several prison officials and the Counter Terrorism Unit. (Doc. 9, p. 1). He asserts claims against them under the Federal Tort

Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. Plaintiff seeks monetary damages and injunctive relief, including a prison transfer. (Doc. 9, p. 6).

**Discussion**

The First Amended Complaint addresses a single claim (Count 1) against the defendants under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, for exposing Plaintiff to unconstitutional conditions of confinement at USP - Marion. Like the Complaint, it does not survive review under § 1915A. Because Plaintiff apparently ignored this Court's Order Dismissing Complaint (Doc. 7), the First Amended Complaint must be dismissed for many of the same reasons that his Complaint was also dismissed.

The FTCA authorizes "civil actions on claims against the *United States*, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1) (emphasis added). However, Plaintiff cannot bring his FTCA claim against federal officials or agencies. As this Court already explained in the Order Dismissing Complaint, the "only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982). *See* 28 U.S.C. § 2679(b). The United States is not named as a defendant.

If Plaintiff intended to sue individual federal agents for violating his constitutional rights, he should have indicated that he was bringing the action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), somewhere on the First Amended Complaint. He did not. Plaintiff might have also made this clear by bringing a constitutional claim against the defendants, but he did not mention any constitutional rights that were violated. His reference to "deliberate indifference" suggests that he intended to pursue an Eighth

3

Amendment claim for unconstitutional conditions of confinement against the individual federal agents pursuant to *Bivens*. This Order does not preclude him from doing so.

Plaintiff's statement of claim is otherwise incoherent. His allegations are nonsensical. They lack substance. Even when he mentions conditions of his confinement, Plaintiff offers no context for them, such as where he encountered the conditions, when he endured them, how frequently he did so, or which officials he asked to address them. Page 5 of the standard civil rights complaint form instructs plaintiffs to briefly set forth "when, where, how, and by whom you feel your . . . rights were violated." (Doc. 9, p. 5). Plaintiff offers virtually none of this information in his statement of claim.

The FTCA claim in Count 1 and any potential claims under *Bivens* should be considered dismissed without prejudice because the First Amended Complaint states no claim upon which relief may be granted. Plaintiff shall have one final opportunity to re-plead his claims in a Second Amended Complaint, according to the instructions and deadline set forth in the below disposition.

### Pending Motion

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 4) shall be addressed in a separate court order.

### Disposition

**IT IS HEREBY ORDERED** that the First Amended Complaint (Doc. 9) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. This includes the claim in Count 1 under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80, and any related claim Plaintiff intends to bring pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

**IT IS FURTHER ORDERED** that all **DEFENDANTS** are **DISMISSED** without prejudice, based on Plaintiff's failure to state any claim for relief against them.

Plaintiff is **GRANTED** leave to file his "Second Amended Complaint" **on or before September 15, 2017.** Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the action shall be dismissed with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Further, the dismissal shall count as one of Plaintiff's allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file another amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "Second Amended Complaint," and he should use the case number for *this* action (Case No. 17-cv-00326-JPG). He should refer to the constitutional or statutory ground(s) for relief. Plaintiff should name the proper defendant(s). The Second Amended Complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each Defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. He should *include only related claims* in his new complaint. Claims found to be unrelated to Count 1 will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00[1] remains due and payable, regardless of whether Plaintiff elects to file a second amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 17, 2017**

*s/J. Phil Gilbert*
**United States District Judge**

---

[1] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.