# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUN STEVEN KIDD, #43108-074, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 17−cv−00326−JPG |
| vs. | ) ) |
| MRS. K. HILL, MR. G. BURGESS, MR. R. BASKERVILLE, and COUNTER TERRORISM UNIT, | ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is once again before the Court for preliminary review of the amended complaint filed by Plaintiff Shaun Kidd on August 31, 2014. (Doc. 14). Plaintiff has already filed two versions of his complaint against individual federal officials to challenge the conditions of his confinement at the United States Penitentiary located in Marion, Illinois ("USP-Marion"), under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. (Docs. 1, 9). Neither the Complaint (Doc. 1) nor the Amended Complaint (Doc. 9) survived preliminary review under 28 U.S.C. § 1915A. (Docs. 7, 11). Both were virtually incomprehensible. (Doc. 1, 9). They also clearly failed to state a claim under the FTCA. *Id*.

Plaintiff was granted leave to file a Second Amended Complaint on or before September 15, 2017. (Doc. 11, p. 5). The Court set forth specific instructions for properly amending the complaint. (Doc. 11). Plaintiff was clearly warned that failure to comply with these instructions or the filing deadline would result in dismissal of the action with prejudice and a "strike." (Doc. 11, pp. 4-5) (citing FED. R. CIV. P. 41(b)).

1

On August 31, 2017, Plaintiff filed a document that was labeled "Second Amended Complaint." (Doc. 14). Around the same time, he also filed several other related documents, including a Motion to Supplement First Amended Complaint filed August 23, 2017 (Doc. 12); Motion for Order to Compel Defendants Per Prima Facie Evidence filed August 31, 2017 (Doc. 13); Motion for Supplement to Second Amended Complaint filed October 2, 2017 (Doc. 17); Motion to Amend the Complaint Pursuant to Fed. R. Civ. P. 15 filed October 2, 2017 (Doc. 18); Proposed Third Amended Complaint filed October 2, 2017; Motion for Supplement Per Civil Rights Violations filed October 11, 2017 (Doc. 19).

The Court is left to figure out which of these documents was intended to serve as Plaintiff's operative amended complaint. It declines to do so. The Court has repeatedly stated that it "will not accept piecemeal amendments to the original complaint. Thus, the . . . Amended Complaint must stand on its own, without reference to any previous pleading. . . ." (Doc. 7, p. 8; Doc. 11, p. 6). Plaintiff disregarded this instruction when he prepared and filed numerous supplements, addendums, and replacements for his Second Amended Complaint. (Docs. 7, 11, 12-13, 17-19). All of the proposed supplements, addendums, and motions to amend shall be denied. (Docs. 12-13, 17, 19).

The Court will treat the Second Amended Complaint filed on August 31, 2017, as the operative complaint in this case. (Doc. 14). It is subject to preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to dismiss any portion of the pleading that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The Second Amended Complaint does not survive preliminary review under this standard.

**Merits Review Under 28 U.S.C. § 1915A**

In it, Plaintiff abandons his FTCA claims and instead pursues relief against individual federal officials under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The Court did not prohibit him from taking this approach. (Doc. 7, 11). Beyond recasting this case as a *Bivens* action, however, Plaintiff offers no coherent allegations in support of his claims. (Doc. 14, p. 5). The statement of claim states, in its entirety:

> Per the aforemention documents in this instant matter. Avered it's evident that the matters in question which can't be skirted around. Have fallen into a reluctance aspect. These "insensible" matters are those of [exigency] aspects. As the Defendants have placed their position to become more oppressive upon being placed on NOTICE of said deplorable matters. It's now evident that todays claim holds fruits of averment that they hold no true interest as to the CONSTITUTIONAL Rights that Myself or others are still akin to have despite ending up on the wrong side of the Law per'se. The Health an Safety aspects in question today are an will continue to impede upon my respirator an safe keepings as long as these matters are being secluded from correction as well as the retaliation aspects as I try to seek out-side agencies due to the means of exposition that I'm trying to do. These blind spots align with the deplorable ventilation systems are ones that Myself or Anyone else can only PRAY that said accumulations in question today remain less Health or Safety position. Despite any sign now there can be farther damages attached that are (un-noticed) at this time. Adding with the already ADHD that I have these areas noted today have made such Mental Anguish even more at high-stake along with the Physical hardship of having to endure the Travesty as I am. These part(ies) upon their NOTICES via individual times as well as in whole. Have willfully "brutalized" Myself to stupendous exacerbate per "intellectual negligence or deliberate indifference" which can cause harm to present an future Health aspects etc, . . Such Civil Rights Violations named today per 28 U.S.C. § 1331. As within the Bivens v. Six Unknown Fed. Narcotics Agencts, 403 U.S. 388 (1971) is indeed proper per the Constitutional Rights in question being held in question today. . . .

(Doc. 14, p. 5). The Court would be hard-pressed to pinpoint a single coherent sentence in the above statement of claim. Words and phrases sprinkled throughout the document again suggest that Plaintiff takes issue with the conditions of his confinement.

To plead an Eighth Amendment claim for unconstitutional conditions of confinement, an inmate need only allege that prison officials knowingly denied him "the minimal civilized

3

measure of life's necessities." *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). These necessities include adequate shelter, clothing, and hygiene items, among other things. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Plaintiff must also demonstrate that federal officials exhibited deliberate indifference to his health or safety. *Ziglar v. Abbasi*, -- U.S. --, 137 S. Ct. 1843, 1879 (June 19, 2017) (citing *Farmer v. Brennan*, 511 U.S. 825, 830, 834 (1994)). Given the above allegations, the Court is unable to determine whether the conditions at USP-Marion were objectively serious or find any suggestion that a defendant responded to the conditions with deliberate indifference. (Doc. 14, p. 5). Simply put, the Court can discern no basis for a constitutional claim under the Eighth Amendment and *Bivens* against any defendant. The Second Amended Complaint fails to state a claim upon which relief may be granted and is therefore subject to dismissal under 28 U.S.C. § 1915A and the assessment of a "strike" under 28 U.S.C. § 1915(g).

## Disposition

**IT IS HEREBY ORDERED** that the Second Amended Complaint (Doc. 14) and this action, which was brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Given that the Court has already screened three complaints filed by Plaintiff (Docs. 1, 9, 14), the Court finds that further amendment is futile. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015). This dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that all pending motions (Docs. 12, 13, 17, 18, 19, and 21), each of which seeks to supplement or amend a version of the complaint, are **DENIED**.

If Plaintiff wishes to appeal this dismissal, his Notice of Appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A Motion for Leave to Appeal *In Forma Pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. However, a Rule 60(b) motion for relief from a final judgment, order, or proceeding does not toll the deadline for an appeal.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 7, 2017**

*s/J. Phil Gilbert*
**District Judge**
**United States District Court**